ECF ORIGINAL

FILED
MAY 11 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLUMBIA MANUFACTURING, INC., | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 05-541C |
| | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| DEFENDANT. | ) | |

**Complaint**

Plaintiff Columbia Manufacturing, Inc., ("Columbia"), for its complaint against Defendant alleges as follows:

**Nature Of This Action**

1. This is an action for declaratory relief and to set aside the contracting officer's claim for excess reprocurement costs.

**Parties**

2. Plaintiff is a small business government contractor organized under the laws of the state of Connecticut.

3. Plaintiff complains about the conduct of Defendant, United States of America, (hereinafter "Government").

4. United States of America acted through the Department of the Air Force, Tinker Air Force Base (hereinafter "USAF" or "Tinker").

**Jurisdiction**

5. Jurisdiction is conferred upon this Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(2), which was amended by the Federal Courts Administration Act of 1992, Pub. L. No. 102-572 §907(b), 106 Stat. 4506 to read, in relevant part, as follows:

> The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act.

See Charles W. Daff v. United States, 78 F.3d 1566 (Fed. Cir. 1996) (US Court of Federal Claims has jurisdiction over monetary claims and over pure default terminations in which no monetary claim was asserted).

6. Plaintiff brings this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq. and the implementing Federal Acquisition Regulation ("FAR") Clause 52.233-1 (December 1998), which is incorporated by reference in each of the eight (8) contracts noted herein that are the subject of this action.

7. Plaintiff timely appeals before this honorable Court the government's claim of excess reprocurement costs against Columbia.

8. Pursuant to 41 U.S.C. § 609(a)(3), Plaintiff timely appeals before this honorable Court the Government's claim of excess reprocurement costs against Columbia.

9. The government has asserted the claim of excess reprocurement costs under FAR Clause 52.249-8 (April 1984) for each of the five contracts that the government terminated for default.

10. FAR Clause 52.249-8 (April 1984) is incorporated by reference in section I in each of the five (5) contracts that the government terminated for default.

**FACTS**

11. The five (5) contracts that the government awarded to Columbia (hereinafter "Columbia Contracts") and the corresponding reprocurement contracts follow:

| Columbia Contracts | Reprocurement Contract |
|---|---|
| F34601-99-D-0145-0001 | F34601-00-G-0006-0044 |
| F34601-99-D-0142-0001 | F34601-01-D-0020-0008 |
| F34601-99-C-0146 | F34601-00-G-0006-0091 |
| F34601-00-C-0026 | F34601-00-G-0006-0038 |
| F34601-00-C-0040 | F34601-00-G-0006-0040 |

11A. In each of the five Columbia Contracts referenced in the left column in the chart set forth in paragraph numbered 11 above, the Government sought to acquire vane assemblies. The vane assemblies are fixed vanes that slide into circumferential slots in a case that is housed at various stages of the jet engine. The vanes direct air at the correct angle for various reasons, depending on the stage vane assembly.

11B. In each of the five Reprocurement Contracts referenced in the right column in the chart set forth in paragraph numbered 11 above, the Government sought to reprocure the vanes assemblies through contracts that were already in existence prior to the reprocurement action.

12. The government terminated each of the Columbia Contracts

described in paragraph numbered 11 of this Complaint on 1 October 2001.

13. The government asserted its claim for excess reprocurement costs against Columbia for each of the contracts described in paragraph numbered 11 of this Complaint.

14. The government presented to Columbia the claims that are referenced in paragraph numbered 13 of this Complaint in five letters (hereinafter "excess reprocurement claim letters"), one for each of the aforesaid contracts.

15. The five (5) excess reprocurement claim letters described in paragraph numbered 13 of this complaint are each dated August 31, 2004.

16. The five (5) excess reprocurement claim letters described in paragraph numbered 13 of this Complaint are attached hereto as exhibit numbers 1, 2, 3, 4 and 5.

EXCESS REPROCUREMENT COSTS

Contract F34601-99-D-0142-0001[1]

17. Under contract F34601-99-D-0142-0001 the government is claiming excess reprocurement costs in the amount of $45,722.01.

18. The aforesaid excess reprocurement costs of $45,722.01 is for a quantity of 629 vanes, with an excess reprocurement unit cost of $72.69, the unit cost under the reprocurement contract ($381.69) less the unit cost under Columbia's contract ($309).

---

[1] This subtitle is for organizational purposes only and is not to be read in conjunction with the substance of the allegations raised herein.

19. Columbia was required to deliver a quantity of 810 vanes under contract F34601-99-D-0142-0001.

20. Columbia delivered 601 vanes under contract F34601-99-D-0142-0001.

21. The government accepted 601 vanes under contract F34601-99-D-0142-0001.

22. The DD250s for contract F34601-99-D-0142-0001 reflect that Columbia delivered and the government accepted 601 vanes. These DD250s are attached hereto as exhibit no. 6.

22A. The government paid Columbia for the aforesaid 601 vanes.

23. The government computed the excess reprocurement costs of $45,722.01 on the basis that Columbia delivered 181 vanes, or 810 vanes required by the contract <u>LESS</u> the quantity of 629 vanes claimed by the government as part of the quantity to be acquired in the reprocurement.

24. A chart summarizing the aforesaid DD250s of the 601 vanes that the Government accepted and the Government's payment to Columbia for the aforesaid 601 vanes is reflected in exhibit number 7, which has been numbered by each row (1 through 27) and labeled by letter for each column (A through G).

25. The government's excess reprocurement costs under contract F34601-99-D-0142-0001 fails to account for 420 vanes that the government accepted from Columbia.

26. The government's excess reprocurement costs is incorrect, in that it is $30,529.80 too high, or 420 <u>TIMES</u> $72.69,

under contract F34601-99-D-0142-0001. The government's excess reprocurement cost claim must be reduced by $30,529.80.

Contract F34601-00-C-0040[2]

27. Under contract F34601-00-C-0040 the government is claiming excess reprocurement costs in the amount of $374,069.76.

28. The aforesaid excess reprocurement costs of $374,069.76 is for a quantity of 2,757 vanes, with an excess reprocurement unit cost of $135.68, the unit cost under the reprocurement contract ($430.58) less the unit cost under Columbia's contract ($294.90).

29. Columbia was required to deliver a quantity of 3,**7**77 vanes under contract F34601-00-C-0040.

30. The government computed the excess reprocurement costs $374,069.76 on the basis that contract F34601-00-C-0040 required a quantity of 3,**8**77 vanes.

31. 3,877 exceeds the quantity of vanes required by contract F34601-00-C-0040 by a quantity of 100.

32. The government's excess reprocurement costs is incorrect, in that it is $13,568 too high, or 100 TIMES $135.68, under contract F34601-00-C-0040.

---

[2] This subtitle is for organizational purposes only and is not to be read in conjunction with the substance of the allegations raised herein.

Contracts F34601-99-D-0145-0001, F34601-99-D-0142-0001, F34601-99-C-0146, F34601-00-C-0026 and F34601-00-C-0040[3]

33. The following allegations pertain to the five (5) contracts and reprocurement contracts referenced in paragraph numbered 11 of this Complaint:

A. The government did not actually incur any of the excess reprocurement costs as claimed in exhibits 1 through 5.

B. The Government took too much time to reprocure the vanes, and consequently reprocured them during a period when material and other costs were higher.

C. Unlike each of the five contracts that the government awarded to Columbia (as referenced in paragraph numbered 11 of this Complaint) the government did not conduct competition in awarding the reprocurement contracts that are referenced in paragraph numbered 11 of this Complaint, and did not evaluate whether competition was a worthwhile way to reprocure the vanes. Rather, the government sought to reprocure the vanes on a sole source basis.

D. The government failed obtain competition to the maximum extent practicable for the repurchase.

E. The terms and conditions of the five (5) reprocurement contracts differ from the terms and conditions of the five (5) contracts awarded to Columbia.

---

[3] This subtitle is for organizational purposes only and is not to be read in conjunction with the substance of the allegations raised herein.

## Counts

### Count I
(Contract F34601-99-D-0142-0001)

34. Paragraphs 1 through 26 are incorporated herein.

35. The government's excess reprocurement cost claim under contract F34601-99-D-0142-0001 must be reduced by $30,529.80 pursuant to FAR Clause 52.249-8 (April 1984).

### Count II
(Contract F34601-00-C-0040)

36. Paragraphs 1 through 16 and 27 through 32 are incorporated herein.

37. The government's excess reprocurement cost claim under contract F34601-00-C-0040 must be reduced by $13,568 pursuant to FAR Clause 52.249-8 (April 1984).

### Count III
(All Five Reprocurement Actions)

38. Paragraphs 1 through 16 and 33 (A) through (E) are incorporated herein.

39. The Government did not reasonably mitigate its reprocurement costs. Consequently, the excess reprocurement costs should be either reduced or eliminated entirely pursuant to FAR Clause 52.249-8 (April 1984).

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Reduce, set aside or eliminate the excess reprocurement costs for the five reprocurement actions;

2. Declare that Defendant's decision on excess reprocurement costs arbitrary, capricious and abuse of discretion; and

3. For such other and further relief as the Court deems just, equitable and proper.

Dated: 10 May 2005

Lawrence J. Sklute
SKLUTE & ASSOCIATES
11921 Rockville Pike, Suite 300
Rockville, Maryland 20852
(202) 637-1223
Facsimile (202) 637-0598

Counsel for Plaintiff

Of Counsel
Nolan Sklute