ORIGINAL

ECF

FILED
MAY 1 1 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLUMBIA MANUFACTURING, INC., PLAINTIFF, | ) | |
| v. | ) | Case No. 05-541C |
| THE UNITED STATES OF AMERICA, DEFENDANT. | ) | |

**NOTICE OF DIRECTLY-RELATED CASE**

Pursuant to Rule 40.2 of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff hereby notifies this Court that the Complaint, filed herein, is directly related to Case No. 02-1221C before the Honorable Judge Susan G. Braden. RCFC 40.2(a)(1) provides the following:

> [c]ases are deemed directly related when an earlier-filed case and the action being filed: (A) involve the same parties and are based on the same or similar claims; or (B) involve the same contract, property or patent.

(Emphasis added).

The earlier-filed action, Case No. 02-1221C, is an action by Columbia Manufacturing, Inc. for declaratory relief and to set aside the contracting officer's termination for default of several contracts for default, including, for example, the following five (5) contracts for the manufacture and supply of vane assemblies: F34601-99-D-0145, F34601-99-D-0142, F34601-99-C-0146, F34601-00-C-0026, and F34601-00-C-0040. The question presented in the earlier action, which pertains to the validity of the terminations for

default, is inextricably linked to the financial liability of both the government and Columbia. If the Court finds the defaults were improper, the government is liable for Columbia's termination for convenience costs. If the Court finds that the defaults were proper, then Columbia is liable for the government's excess reprocurement costs. In the latter case, the validity of the quantum of the excess reprocurement costs becomes relevant, and this is the focus of the new action. The Complaint, filed herein, alleges, inter alia, that USAF failed to mitigate the excess reprocurement costs. Thus, the Complaint involves the same parties and the same five contracts as the earlier-filed action and therefore, the Complaint is directly related to the earlier-filed action, Case No. 02-1221C, pursuant to the standards set forth in RCFC 40.2(a)(1)(A) and (B).

Moreover, assignment to the Honorable Susan G. Braden will "conserve judicial resources and promote an efficient determination of the actions." RCFC 40.2(a)(4). Adjudication of the excess reprocurement cost claim requires knowledge and understanding of the contracts, facts, and issues of the underlying termination for default dispute. It is thus logical and reasonable to conclude that adjudication of the Complaint, filed herein, by the same judge assigned to Case No. 02-1221C will conserve judicial resources and promote an efficient determination of the actions.

Dated: 10 May 2005

Lawrence J. Sklute
SKLUTE & ASSOCIATES
11921 Rockville Pike, Suite 300
Rockville, Maryland 20852
(202) 637-1223
Facsimile (202) 637-0598

Counsel for Appellant

Of Counsel
Nolan Sklute